**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LEONARD NATHANIEL PAULK, Jr.,**

       **Petitioner,**

**v.**

       **Civil Action No. 2:12cv12**
       **(Judge Bailey)**

**TERRY O'BRIEN, Warden**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 24, 2012, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 together with the $5.00 filing fee. This case is pending before the undersigned pursuant to LR PL P 2.

### II. FACTS

On November 30, 2004, the petitioner was convicted by a jury in the United States District Court for the District of New Jersey on Count One: Conspiracy to Possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine and 50 grams or more of cocaine base and Count Three: Knowingly and Intentionally distributing and possession with intent to distribute 115.4 grams of cocaine base. On December 19, 2005, the petitioner was sentenced to life imprisonment on each Count, to be served consecutively. On November 5, 2009, the Court of Appeals for the Third Circuit affirmed the judgment of the District Court. On June 22, 2010, the United States District Court for the District of New Jersey dismissed all filings by the petitioner after the Court of Appeals mandate; enjoined the petitioner from filings unless through counsel; directed

the Clerk not to accept any filings from the petitioner unless submitted by counsel and restrained the petitioner from filing harassing communications to persons connected with his criminal case. See Criminal Docket For Case No. 3:2003-CR-00228(FLW).[1]

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F. Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's motion is unintelligible. It appears that he contends that he posted discharging securities in the amount of $100,000,000 with the District Court in New Jersey. In addition, he alleges that the District Judge in New Jersey "has and continues to deny the Principal Trustee access to the court in violation to [his] constitutional rights." (Doc. 1, p. 8). The petitioner indicates that full satisfaction of the judgment has been completed, and he is being held prisoner under an illegal act. For relief the petitioner requests that the respondent show cause "of the prisoner's detention, to that end that he, the prisoner, may be permanent discharge from custody." (Doc. 1, p. 11). In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

---

[1]The docket is available for viewing on PACER.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. 1) be **DENIED AS UNINTELLIGIBLE** and **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: April 4, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE