**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**LEONARD NATHANIEL PAULK, JR.,**

    Petitioner,

v.

                                         **CIVIL ACTION NO. 2:12-CV-12
                                         (BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 8]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on April 4, 2012 [Doc. 8]. In that filing, the magistrate judge recommends that this Court deny the petitioner's § 2241 petition action as unintelligible and dismiss it with prejudice.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The petitioner timely filed his Objections [Doc. 10] on April 20, 2012.  Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects.  The remainder of the R&R will be reviewed for clear error.

### III.  <u>Factual and Procedural History</u>

On February 24, 2012, the *pro se* plaintiff initiated this case by filing a Petition Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  On November 30, 2004, the petitioner was convicted by a jury in the United States District Court for the District of New Jersey on Count One:  Conspiracy to Possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine and 50 grams or more of cocaine base and Count Three: Knowingly and Intentionally distributing and possession with intent to distribute 115.4 grams of cocaine base. On December 19, 2005, the petitioner was sentenced to life imprisonment on each Count, to be served consecutively.  On November 5, 2009, the Court of Appeals for the Third Circuit affirmed the judgment of the District Court.  On June 22, 2010, the United States District Court for the District of New Jersey dismissed all filings by the petitioner after the Court of Appeals mandate; enjoined the petitioner from filings unless

through counsel; directed the Clerk not to accept any filings from the petitioner unless submitted by counsel and restrained the petitioner from filing harassing communications to persons connected with his criminal case. See Criminal Docket For Case No. 3:2003-CR-00228(FLW).

## IV.  ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See **Haines v. Kerner**, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." **Minone v. McGrath**, 435 F.Supp.2d 266 (S.D.N.Y. 2006).

This instant petition is unintelligible. It appears that he contends that he posted discharging securities in the amount of $100,000,000 with the District Court in New Jersey. In addition, he alleges that the District Judge in New Jersey "has and continues to deny the Principal Trustee access to the court in violation to [his] constitutional rights." [Doc. 1 at 8]. The petitioner indicates that full satisfaction of the judgment has been completed, and he is being held prisoner under an illegal act. For relief the petitioner requests that the respondent show cause "of the prisoner's detention, to that end that he, the prisoner, may be permanent discharge from custody." [Doc. 1 at 11]. In sum, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief from which this Court has the authority to grant the requested relief.

The petitioner continues this theme in his Objections [Doc. 10]. On June 22, 2010, the District Court of New Jersey explicitly Ordered that all of the petitioner's filings be dismissed, enjoined the petitioner from making further filing unless by counsel, and directed the Clerk not to accept any filings from the petitioner unless submitted by counsel. Realizing no relief was likely in the district court, the petitioner took his show to the United States Court of Appeals for the Third Circuit. The Court of Appeals dismissed the appeal on December 5, 2011 (No. 10-3908).

The defendant is now serving his life sentence in USP-Hazelton located in West Virginia. His petition appears to allege the same nonsensical arguments which were previously denied by the Third Circuit Court of Appeals. This Court independently finds, however, that the petitioner continues to fail to assert any factual allegations which would provide his requested relief that he "may be permanent[ly] discharged from custody." [Doc. 1 at 11].

## **V.** **Conclusion**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the plaintiff's Objections to the magistrate judge's R&R **[Doc. 10]** are **OVERRULED**. Accordingly, the petition **[Doc. 1]** is hereby **DENIED AS UNINTELLIGIBLE** and **DISMISSED WITH PREJUDICE** . Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 25, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE